UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY LEE,<br>Plaintiff,<br>v.<br>GARZA,<br>Defendant. | Case No. 1:25-cv-00990-EPG (PC)<br><br><u>ORDER SETTING SETTLEMENT CONFERENCE</u><br><br>Hearing: Settlement Conference<br>Date: October 15, 2026<br>Time: 10:00 a.m.<br>Judge: Frank J. Singer<br>Location: via Zoom Videoconference |

Plaintiff Kenny Lee is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Garza on Plaintiff's Eighth Amendment failure to protect claim and his state law negligence claim. The Court has stayed this action to allow the parties to participate in a settlement conference. (ECF No. 18).

Therefore, this case will be referred to Magistrate Judge Frank J. Singer to conduct a <u>video settlement conference, via the Zoom videoconferencing application</u>, on October 15, 2026, at 10:00 a.m. The court will issue any necessary transportation order in due course.

Counsel for Defendant shall contact Courtroom Deputy Esther Valdez at (559) 499-5788 or evaldez@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes, for all parties. Counsel for Defendant is also required to arrange for Plaintiff's participation by

contacting the Litigation Coordinator at the institution where Plaintiff is housed and providing the necessary Zoom contact information.[1]

The parties shall each submit to Judge Singer a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

Defendant shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case. The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a video settlement conference, via the Zoom videoconferencing application, before Magistrate Judge Frank J. Singer on October 15, 2026, at 10:00 a.m.
2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend via the Zoom videoconferencing application.
3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions. The manner and timing of Plaintiff's transportation to and from the conference is within the discretion of Plaintiff's institution.
4. Defendant shall provide a confidential settlement statement to the following email address: fjsorders@caed.uscourts.gov. Plaintiff shall mail a confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, "Attention: Magistrate Judge Frank J. Singer." The envelope shall be marked "Confidential Settlement Statement." Settlement statements shall arrive no later than October 8, 2026. Parties shall also file a Notice

[1] Defendant has represented to the Court that Plaintiff is now detained at the California City Immigration Processing Center. (ECF No. 23).

of Submission of Confidential Settlement Statement (See Local Rule 270(d)). Settlement statements should not be filed with the Clerk of the Court nor served on any other party. Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be no longer than five pages in length, typed or neatly printed, and include the following:
   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
   c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
   d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
   e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
   f. If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.
6. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.
7. Defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time.
8. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

\\\

9. A failure to follow these procedures may result in the imposition of sanctions by the court.

IT IS SO ORDERED.

Dated: **August 19, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE